# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00012-CR

**Ricky Joe Byler, Appellant**

v.

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 99-2939, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

A jury convicted appellant Ricky Joe Byler of sexual assault of a child, two counts of indecency with a child by contact, and indecency with a child by exposure, and sentenced him to a term of imprisonment of fifty years. By two points of error, appellant appeals his conviction, arguing that (1) the trial court erred in admitting hearsay evidence and (2) he received ineffective assistance of counsel. We affirm the judgment.

### BACKGROUND

Appellant's niece ("N."),[1] at age eleven, told a Child Protective Services ("CPS") investigator that appellant touched her "in the wrong places." The CPS investigator reported this to Detective Nancy Zimmerman with the sheriff's department. The next day, N. gave a videotaped interview to Carly Moore, a forensic interviewer at the Child Advocacy Center.

---

[1] We refer to appellant's niece with the initial "N."

At trial, N. testified that appellant sexually assaulted her several times when she visited him at his residence. N. specifically testified about two sexual assaults, one in appellant's bedroom when she was eight and the other under a bridge near the house when she was eleven. A key part of her testimony was that appellant used a distinctive condom during the assault under the bridge. Also testifying at trial were the CPS investigator, Zimmerman, and Moore.

## DISCUSSION

In his first point of error, appellant contends that the trial court erred in admitting hearsay evidence over the objection of his attorney. He argues that Zimmerman's testimony concerning a statement made by N. does not fall within any hearsay exception and is therefore inadmissible. Zimmerman testified that she went to the bridge near appellant's house because N., during the videotaped interview, said "that a condom had been used during the sexual assault and she said that her uncle had discarded the condom under the bridge." Appellant's counsel objected to this testimony, asserting that it was hearsay. The trial court overruled the objection. Zimmerman then stated, "That's why I went, I went to get pictures of the location and to see if I could find the condom."

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). The State offered Zimmerman's testimony to explain part of her investigation. Because the statement was not offered to prove the truth of the matter asserted, that a condom had been used and discarded, the testimony is not hearsay, and the trial court did not err in admitting it. *See Dinkins v. State*, 894 S.W.2d 330, 347-48 (Tex. Crim. App. 1995) (statements in police officer's testimony, when not

2

offered for the truth but to explain how a defendant became a suspect in an investigation, are not hearsay). We overrule appellant's first point of error.

In his second point of error, appellant argues that his counsel rendered ineffective assistance. Appellant argues that his counsel was ineffective because of his: (1) failure to object to Moore as an improper outcry witness; (2) failure to object to Moore's testimony on the grounds that it was either a prior consistent statement or "backdoor" hearsay through inferences to out-of-court statements; (3) failure to object to the State's characterization of N. as a "victim," either through a motion in limine or an objection; and (4) use of a peremptory strike instead of a challenge for cause. We review the effectiveness of counsel under a two-pronged test. Appellant must show that his lawyer's performance fell below an objective standard of reasonableness and there is a "reasonable probability" that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Our review is highly deferential. *Strickland*, 466 U.S. at 689.

When a reviewing court examines whether trial counsel was ineffective, there is a strong presumption that trial counsel's actions were part of his trial strategy. *Id.*; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *overruled on other grounds*, *Mosley v. State*, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998). He must overcome a strong presumption that his counsel's (i) conduct fell within the wide range of reasonably professional assistance, *id.*; *Tong v. State*, 25 S.W.3d

3

707, 712 (Tex. Crim. App. 2000), and (ii) actions might be considered sound trial strategy, *Jackson*, 877 S.W.2d at 771. Trial strategy may constitute ineffective assistance only if the record demonstrates that trial counsel acted without any plausible basis. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant's burden is made more difficult when, as in this case, the appellant does not file a motion for new trial asserting ineffective assistance, which would have allowed trial counsel to testify at a hearing about his trial strategy. *See id.* at 813-14; *Jackson*, 877 S.W.2d at 771.

Appellant first contends that, by failing to obtain a ruling on the motion in limine prohibiting more than one outcry witness and by not objecting at trial to Moore's testimony on the same ground, his counsel was ineffective. The outcry statute allows hearsay testimony by the first person over eighteen years of age, other than the defendant, to whom a child twelve years of age or younger reports specific details about alleged sexual abuse. Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2002). The statute allows only one outcry statement per discrete instance of sexual abuse. *Id.*; *Hernandez v. State*, 973 S.W.2d 787, 789 (Tex. App.—Austin 1998, pet. ref'd). The State listed both the CPS investigator and Moore as potential outcry witnesses and submitted a summary of testimony for each. *See* Tex. Code Crim. Proc. Ann. art. 38.072. Appellant's trial counsel filed a motion in limine, which included a prohibition on a second outcry statement; he did not obtain a ruling on this, or any other, issue in the motion. Even if the court had granted appellant's motion in limine, counsel still would have had to object at the time of the testimony to preserve error. *Willis v. State*, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989) (motion in limine does not preserve

error).  Thus, a motion in limine would have been effective only if the court, upon proper objection, would have excluded Moore's testimony.

Moore testified at trial without objection.  However, even had appellant objected, Moore's testimony would have been otherwise admissible.  During Moore's testimony, appellant's trial counsel cautioned her not to give details about what N. said in the videotaped interview.  She complied, only stating that "she talked in detail" in the interview about what happened to her.  Moore did not relay any details about the interview.  Therefore, no objection to her as a second outcry witness was necessary.  Because Moore's testimony was not objectionable under article 38.072 and was otherwise admissible, appellant's contentions that trial counsel was ineffective in failing to obtain a ruling on the motion in limine and to object to Moore as a second outcry witness are without merit.

Appellant further argues that his trial counsel should have objected to Moore's testimony as either an improper prior consistent statement or "backdoor" hearsay.  For example, Moore responded to questions such as, "Did she describe colors of different items?"; "Did she describe sounds that she heard?"; and "Did she describe the places where certain incidents occurred?"  Appellant argues that Moore's testimony contained strong inferences about statements in the videotaped interview and was thus "backdoor" hearsay.  *See Head v. State*, 4 S.W.3d 258, 261-62 (Tex. Crim. App. 1999); *Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989).  The test for backdoor hearsay is whether the "'State's *sole intent* in pursuing [a] line of questioning was to convey to the jury' the contents of out-of-court statements."  *Head*, 4 S.W.3d at 262 (quoting *Schaffer*, 777 S.W.2d at 114) (addressing testimony trying to bring in statements of informants who did not testify) (emphasis in original).  Here, Moore did not give any specifics about N.'s videotaped

5

testimony; she simply responded "yes" to the State's questions about whether N. described clothing, colors, sounds, and feelings in her videotaped interview. We are unable to conclude from the record that the State's sole intent was to convey contents of out-of-court statements. Accordingly, Moore's testimony was not hearsay and was therefore admissible, and counsel's failure to object to her testimony did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 693-94.

Relying on *Ex parte Menchaca*, appellant next alleges that his counsel was ineffective by allowing the State to use the word "victim" to describe N. *See* 854 S.W.2d 128 (Tex. Crim. App. 1993). Appellant's reliance on that case is misplaced. In *Menchaca*, the court found that counsel was ineffective by allowing the introduction of defendant's prior conviction. *Id.* at 133. Here, appellant's complaint concerns the State's use of the word "victim." Even assuming that appellant's counsel should have objected, courts have found that reference to language stronger than "victim" does not result in reversible error. *See, e.g.*, *Lopez v. State*, 286 S.W.2d 424, 425 (Tex. Crim. App. 1956) ("slaughter"); *Espalin v. State*, 237 S.W. 274, 279 (Tex. Crim. App. 1921) ("this killer"); *Jones v. State*, 900 S.W.2d 392, 397 (Tex. App.—San Antonio 1995, pet. ref'd) ("sex slave"); *White v. State*, 699 S.W.2d 607, 615 (Tex. App.—Dallas 1985, pet. ref'd) ("butcher"). Thus, we cannot say that appellant's counsel's failure to object to use of the term "victim" was deficient.

Appellant's final contention is that, by improvidently using a peremptory strike, his counsel was ineffective. Instead of challenging a juror for cause, appellant's counsel used a peremptory strike after a prospective juror raised her hand in response to the State's question about whether anyone had personal experience with the subject of child abuse. Without a record on

counsel's trial strategy, the presumption is that counsel used reasonable judgment during voir dire. *Jackson*, 877 S.W.2d at 771; *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). Appellant's trial counsel challenged and succeeded in having another prospective juror stricken for cause, asserting that she could not be fair because of personal experiences. That prospective juror was very vocal during the State's and defendant's voir dire; in contrast, the juror stricken by a peremptory strike spoke only briefly during voir dire. We cannot second-guess counsel's trial strategy by declaring that his failure to challenge the prospective juror for cause was not sound. *See Strickland*, 466 U.S. at 689. Based on the record before us, we cannot conclude that counsel's failure to challenge the prospective juror for cause fell below an objective standard of reasonableness. *See id.* at 693-94.

When examining whether trial counsel was ineffective, we look at the totality of the representation rather than isolated acts or omissions. *See generally Mitchell v. State*, No. 1485-00, 2002 Tex. Crim. App. LEXIS 18 (Tex. Crim. App. Jan. 30, 2002); *see also Butler v. State*, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986). Here, appellant's contentions, neither by themselves nor considered together, establish that appellant's trial counsel failed to exercise reasonable professional judgment or that a reasonable probability exists that but for his counsel's deficient performance, he would not have been convicted. *See Strickland*, 466 U.S. at 693-94; *Thompson*, 9 S.W.3d at 814. Accordingly, appellant's claim of ineffective assistance of counsel must fail. We overrule appellant's second point of error.

**CONCLUSION**

7

Having overruled appellant's points of error, we affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   March 7, 2002

Do Not Publish